* * * * * * * * * * *
The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Holmes and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except for modifications. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Holmes, with modifications.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. The parties are properly before the North Carolina Industrial Commission. The Industrial Commission has jurisdiction of the parties and of the subject matter. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act and the employer-employee relationship existed between plaintiff and defendant-employer.
2. All parties have been correctly designated and there is no question as to the misjoinder or non-joinder of parties.
3. This matter arises from an injury by accident which occurred on February 4, 2004, which was accepted as compensable by defendant-carrier per Form 60 dated February 25, 2004.
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff sustained a compensable injury by accident on February 4, 2004, while working in a greenhouse owned by defendant-employer. Defendants have paid all medical compensation and have also paid indemnity compensation for the periods plaintiff was out of work.
2. Plaintiff was out of work from February 5, 2004 to July 27, 2004, at which time he returned to work for another employer at equal to or greater than his pre-injury wages. Plaintiff was paid one week of compensation at a compensation rate of $173.34 (AWW $260.00) and his compensation rate was then adjusted to the statutory $30.00 minimum. Defendants calculated plaintiff's average weekly wage under the fifth method (catch-all provision) of N.C. Gen. Stat. § 97-2(5), asserting that none of the prior four methods were applicable.
3. Plaintiff worked for defendant-employer performing various tasks in the course of his employment. In particular, he prepared tobacco plants for planting, drove a sweet potato truck, and did greenhouse work. Plaintiff testified that he was paid $6.50 an hour for his work. Prior to his injury, plaintiff worked the months of April, July, and November 2003, and February 2004, for a total of five weeks. He earned a total of $1,025.00 during those five weeks. Plaintiff testified that he worked for defendant-employer periodically as needed. He generally worked an eight hour day for defendant-employer.
4. There was no particular season in which plaintiff worked for defendant-employer, as there was work available year round. Plaintiff testified that he would have continued to work for defendant-employer if not for the injury. Plaintiff was never refused employment by defendant-employer when he sought employment.
5. Plaintiff testified that defendant-employer regularly employed five or more workers during the times in which plaintiff worked. These workers did the same type of work as plaintiff.
6. Plaintiff's brother-in-law, Gavino Panotja-Gatica also worked for defendant-employer and worked with plaintiff in the greenhouse, performing the same duties. He earned $6.00 an hour and worked between eight to ten hours a day. He worked for defendant-employer for a total of five weeks. In three of those weeks, he earned $77.00, $222.00, and $124.00 per week.
7. Melvin T. Ray, the owner of defendant-employer, testified that he regularly employs workers through the H2A visa program for at least thirty hours of employment during the times they are employed. Mr. Ray testified that he employs workers on a year round basis, and employs H2A visa program workers for the majority of the year.
8. Upon reviewing the record, the Full Commission finds that the first two methods of calculation of plaintiff's average weekly wage under N.C. Gen. Stat. § 97-2(5) are not applicable in this case, as they do not apply when the period of employment prior to injury is less than 52 weeks.
9. Under the third method of calculation, N.C. Gen. Stat. § 97-2(5) states that the Commission may consider the weeks the employee earned wages with the employer and divide the amount earned by the number of weeks worked, provided results that are fair and just to both parties will be obtained.
10. The third method of calculation under N.C. Gen. Stat. § 97-2(5) should not be used where the job in question was temporary in nature and would end upon the completion of a project and basing an average weekly wage on a limited time period would result in inequity to the employer. However, in the present case, the evidence of record shows that although defendant-employer employs workers such as plaintiff for specific projects, defendant-employer regularly employs workers for such projects on a year round basis, and employs H2A visa program workers for the majority of the year. The evidence of record shows that plaintiff and many of defendant-employers other workers worked semi-regularly for defendant-employer and not just for one-time, fixed-term projects. Thus, The Full Commission finds the third method of calculation under N.C. Gen. Stat. § 97-2(5) is applicable to the facts of this case and is fair and just to both parties.
11. The fourth method of calculation under N.C. Gen. Stat. § 97-2(5) is not applicable in this case as Mr. Ray stated he does not have any employees who are "similarly situated employees" when compared to plaintiff.
12. The fifth method of calculation under N.C. Gen. Stat. § 97-2(5) should be reserved for situations in which unjust results would occur by using the other prior methods of calculation. In the present case, the fifth method is not appropriate, as the third method is found to be applicable and just to both parties as discussed supra.
13. Plaintiff earned a total of $1,025.00 in the five weeks he worked for defendant-employer prior to his injury. Based upon the third method of calculation under N.C. Gen. Stat. § 97-2(5), which the Full Commission finds to be applicable to the facts and fair and just to both parties, plaintiff's average weekly wage equates to $205.00, with a compensation rate of $136.67.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. The third method of calculation of plaintiff's average weekly wage under N.C. Gen. Stat. § 97-2(5) is applicable to the facts of this case and is fair and just to both parties. Plaintiff earned a total of $1,025.00 in the five weeks he worked for defendant-employer prior to his injury. Based upon the third method of calculation under N.C. Gen. Stat. § 97-2(5), plaintiff's average weekly wage equates to $205.00, with a compensation rate of $136.67.
2. Plaintiff is entitled to temporary total disability compensation at the weekly rate of $136.67 from February 5, 2004, to July 27, 2004. N.C. Gen. Stat. § 97-29.
3. Defendants are entitled to a credit for any compensation previously paid to plaintiff from February 5, 2004, to July 27, 2004. N.C. Gen. Stat. § 97-42.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendants shall pay to plaintiff temporary total disability compensation at the weekly rate of $136.67 from February 5, 2004, to July 27, 2004, subject to the attorney's fee provided herein. This amount has accrued and shall be paid to plaintiff in a lump sum.
2. Defendants shall pay directly to plaintiff's counsel a reasonable attorney's fee in the amount of twenty-five percent (25%) of the compensation awarded herein. Because this fee has accrued, it shall be paid to plaintiff's counsel in a lump sum.
3. Defendants shall be credited for any compensation previously paid to plaintiff from February 5, 2004, to July 27, 2004.
4. Defendants shall pay the costs.
This 10th day of October 2005.
 S/ ____________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/ ________________________ CHRISTOPHER SCOTT COMMISSIONER
DISSENTING:
 S/ ________________________ BUCK LATTIMORE CHAIRMAN